┌─────────────────────────────────────────────┐
**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 30, 2018[*]
Decided July 30, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-3516

| | |
|---|---|
| VERNON ELLISON,<br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 17-cv-02432 |
| JAMES JORGENSEN,<br> *Defendant-Appellee*. | Robert M. Dow, Jr., *Judge*. |

## O R D E R

Vernon Ellison filed suit alleging that his pension benefits have been wrongfully withheld by James Jorgensen, the administrator of his union's pension fund. Ellison says that Jorgensen ignored evidence that he qualifies for benefits, even after a majority of the fund's board of trustees voted to award him benefits. The district judge dismissed the original complaint on Jorgenson's motion but also recruited counsel who specializes in employee-benefits law to investigate whether Ellison could plead a plausible claim in an amended complaint. After determining that Ellison could not, counsel withdrew.

---

[*] We have agreed to decide this case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

Ellison then filed an amended complaint rehashing his original allegations, using the district court's standard form titled "COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS."

The district court screened the complaint and dismissed it for failure to state a claim. See 28 U.S.C. § 1915(e)(2). The court concluded that Ellison stated no claim under 42 U.S.C. § 1983, because he did not allege that Jorgensen violated any constitutional right or acted under color of state law. The court also said that, like recruited counsel, it could not find a "basis for allowing the case to proceed under" the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* Ellison appeals and has filed a one-page brief that Jorgensen says does not comply with Federal Rule of Appellate Procedure 28(a)(8), which requires, among other things, that an appellate brief contain a cogent argument with citations to authority.

We agree with Jorgensen that the appeal must be dismissed for noncompliance with Rule 28(a)(8). Although Ellison is proceeding *pro se*, he still must file an appellate brief that contains a discernible argument. *Yasinskyy v. Holder*, 724 F.3d 983, 989 (7th Cir. 2013); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Ellison does not address the district court's decision, nor does he argue that he stated a plausible claim under § 1983, ERISA, or any other theory of relief. See *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009); *Brooks v. Pactiv Corp.*, 729 F.3d 758, 763 (7th Cir. 2013). Instead, his brief merely repeats his allegation that the administrator "refused to give" him his pension. He does ask this court to reverse because his "complaint was denied" erroneously, but we cannot meaningfully review an appellate argument that consists of a single bald assertion of error. Although we "are generally disposed toward providing a litigant the benefit of appellate review," we will not concoct arguments or conduct legal research for a litigant. *Anderson*, 241 F.3d at 545. This appeal is DISMISSED.